UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GAVIN AGUIRRE, | No. 2:15-cv-2559 KJN P |
| Petitioner, | |
| v. | ORDER |
| THE PEOPLE OF THE STATE OF CALIFORNIA, et al. | |
| Respondents. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned. (ECF No. 4.)

Petitioner originally filed this action as a civil rights action. (ECF No. 1.) Petitioner did not file an application to proceed in forma pauperis. Because petitioner challenged the validity of his criminal conviction, and requested that the court find him not guilty, the undersigned construed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 3). Petitioner was granted thirty days to file a habeas corpus petition and an application to proceed in forma pauperis. (Id.)

Thirty days passed and petitioner filed his habeas corpus petition (ECF No. 5), but failed to file an application to proceed in forma pauperis. Accordingly, the undersigned orders this

1

action dismissed for petitioner's failure to file an in forma pauperis application.

The undersigned also observes that, after reviewing the habeas corpus petition, it is clear that petitioner has not exhausted state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.[1]

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice.

Dated: January 29, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ag2559.fifp

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).